```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


JOHN HEYER,                        )
                                   )
               Plaintiff,          )
                                   )
         v.                        )    No.  4:08CV1778 FRB
                                   )
STATE OF MISSOURI, DEPARTMENT      )
OF PROBATION AND PAROLE,           )
                                   )
               Defendant.          )
```

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendant State of Missouri, Department of Probation and Parole's Motion to Dismiss (filed February 2, 2009/Docket No. 11). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff John Heyer brings this cause of action pursuant to 42 U.S.C. § 1983 alleging that defendant State of Missouri, Department of Probation and Parole, violated his constitutional rights to due process and to be free from unlawful seizure when it caused him to be wrongfully arrested, wrongfully detained, and to be subsequently prevented from returning to the State of Missouri. Plaintiff seeks compensatory and punitive damages, as well as attorney's fees and costs.

Defendant now seeks to dismiss this action, arguing *inter alia*, that it is immune from suit pursuant to the Eleventh

Amendment.[1]  Plaintiff has responded to the motion to which defendant has replied.  With leave of Court, plaintiff has filed a surreply to defendant's reply brief.  For the following reasons, defendant's argument is well taken and this cause should be dismissed.

## I.  The Complaint

As relevant to the instant motion, plaintiff's Complaint alleges as follows:  In 2005, plaintiff pled guilty in an Arizona state court to one count of Sexual Abuse and two counts of Public Sexual Indecency.  He was sentenced to lifetime probation on the Sexual Abuse count and to three years' probation on the two Public Sexual Indecency counts.  The Arizona court did not require plaintiff to register as a sex offender as part of the sentence.  Subsequent to the imposition of sentence in Arizona, plaintiff moved to the State of Missouri, where his probation was administered by the Missouri Board of Probation and Parole pursuant to plaintiff's Transfer Request under the Interstate Compact.  Despite the decision of the Arizona court that plaintiff was not required to register as a sex offender, Missouri state authorities required plaintiff to register in Missouri as a sex offender.

At the direction of Missouri Probation Officer Sharon Rios ("PO Rios"), plaintiff attended group counseling for sex

---

[1]Defendant also contends that the doctrines of *res judicata* and *collateral estoppel* bar plaintiff's claims in this cause of action.

offenders.  In July 2006, plaintiff failed to appear at a group counseling session.  At the direction of PO Rios, plaintiff was arrested the following day and was confined at the St. Louis County Department of Justice Services for a period of ten days without bond.  Upon PO Rios's authorization, plaintiff was released. Plaintiff lost his job as a result of his detention and was unable to secure other employment.

In April 2007, PO Rios filed a violation report alleging that plaintiff had missed three counseling sessions within a six-month period and had failed to maintain employment.  Plaintiff was arrested on the violation, detained and extradited to the State of Arizona where he was held without bond for approximately seventy-five days.  After a hearing held in July 2007 on plaintiff's alleged probation violations, the Arizona court determined plaintiff not to have violated the terms of his probation, and the probation revocation proceedings were dismissed.

Plaintiff claims that, despite his successful litigation on his alleged probation violations, he nevertheless is unable to return to the State of Missouri through the Interstate Compact. Plaintiff claims his inability to return to his home state of Missouri was caused solely by defendant's actions, and that, as a result, he has incurred monetary damages and missed the passing of his father.

In the caption of the Complaint, and in related filings,

plaintiff names only "State of Missouri, Department of Probation and Parole" as a defendant to the cause.[2]

## II. Discussion

The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state, or state officials acting in their official capacity. <u>Nix v. Norman</u>, 879 F.2d 429, 432-33 (8th Cir. 1989). Because plaintiff's § 1983 Complaint for damages is against the State of Missouri Department of Probation and Parole, a state agency, such suit is barred by the Eleventh Amendment and should be dismissed.

Eleventh Amendment immunity bars a § 1983 lawsuit against a state agency or state official in their official capacity even if the entity is the moving force behind the deprivation of the federal right. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985); <u>Larson v. Kempker</u>, 414 F.3d 936, 939 n.3 (8th Cir. 2005).[3] As such, although plaintiff argues that the conduct of this state agency deprived him of his federal constitutional rights, the agency nevertheless enjoys Eleventh Amendment immunity in relation to plaintiff's § 1983 claims. Plaintiff does not argue or otherwise demonstrate that the Missouri Department of Probation and

---

[2]Rule 10(a), Federal Rules of Civil Procedure, requires the title of the Complaint to "name all the parties[.]"

[3]Nor is an agency exercising state power a "person" subject to suit under § 1983. <u>See</u> <u>Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.</u>, 948 F.2d 1084, 1086 (8th Cir. 1991).

Parole is somehow exempt from this Eleventh Amendment bar. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984); Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988). Indeed, as determined by the Supreme Court in Quern v. Jordan, 440 U.S. 332 (1979), neither the history nor the text of § 1983 expresses any congressional intent to overturn the constitutionally guaranteed immunity of the states. Id. at 342-45.

Because Eleventh Amendment immunity deprives federal courts of jurisdiction to entertain claims barred thereby, see Pennhurst, 465 U.S. at 98-99, 99 n.8, the Court is precluded from addressing the other bases upon which defendant seeks to dismiss plaintiff's Complaint in this cause. See Welch v. Texas Dep't of Highways & Pub. Trans., 483 U.S. 468, 476 n.6 (1987) (Court had "no occasion to consider the State's additional argument" inasmuch as "Eleventh Amendment immunity 'partakes of the nature of a jurisdictional bar[.]'") (quoting Edelman v. Jordan, 415 U.S. 651, 687 (1974)).

Accordingly, because plaintiff's Complaint against the Missouri Department of Probation and Parole is barred by the Eleventh Amendment,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (Docket No. 11) is granted.

**IT IS FURTHER ORDERED** that this cause is hereby dismissed

with prejudice.[4]

                                */s/ Frederick R. Buckles*
                                UNITED STATES MAGISTRATE JUDGE

Dated this _29th_ day of June, 2009.

---

[4]The undersigned notes that although the caption of plaintiff's Complaint names "State of Missouri, Department of Probation and Parole" as the sole defendant in this cause, see Fed. R. Civ. P. 10(a); and the related filings associated with plaintiff's Complaint identify "State of Missouri, Department of Probation and Parole" as the sole defendant, plaintiff occasionally refers to PO Rios within the body of his Complaint as "Defendant Rios." State officials acting in their official capacities enjoy Eleventh Amendment immunity from § 1983 liability. Morstad v. Department of Corr. & Rehab., 147 F.3d 741, 744 (8th Cir. 1998). See also Larson, 414 F.3d at 939 n.3; Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (without clear statement that state official is being sued in personal capacity, Complaint is interpreted as including only official-capacity claims). As such, to the extent the Complaint may be construed to raise a claim against PO Rios, it would appear that plaintiff would be unable to recover on such a claim. However, the undersigned is mindful that plaintiff is represented by counsel in these proceedings. As such, plaintiff's Complaint, drafted by counsel, is not entitled to the liberal construction generally accorded *pro se* pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also, e.g., Fray v. Schuetzle, 78 F.3d 359, 361 n.2 (8th Cir. 1996) (mindful that petition was prepared by counsel, court believes it should adjudicate only those claims upon which relief was actually sought). Accordingly, the Court does not address whether, and to what extent, plaintiff brings a viable § 1983 claim against PO Rios in this cause of action.